UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY JUSZKOWSKI,                 Case No. 18-14023

             Plaintiff,                 Judith E. Levy
     v.                                         United States District Judge

NANCY A. BERRYHILL,                         Stephanie Dawkins Davis
Acting Commissioner of                      United States Magistrate Judge
Social Security,

           Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF No. 15, 16)**

# I.     PROCEDURAL HISTORY

    A.     Proceedings in this Court

On December 22, 2018, plaintiff Michael Anthony Juszkowski filed the instant suit.  (ECF No. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Judith E. Levy referred this matter to the undersigned for the purpose of reviewing the Commissioner's unfavorable decision denying Juszkowski disability benefits.  (ECF No. 3).  This matter is before the court on cross-motions for summary judgment, which the parties filed on May 2, 2019 (Juszkowski) and May 29, 2019 (Commissioner).  (ECF Nos. 15, 16).

B.    Administrative Proceedings

In a determination dated August 9, 2010, the Commissioner found that Juszkowski was disabled beginning on October 31, 2009.  (Tr. 26).[1]  On April 23, 2015, the Commissioner determined that Juszkowski was no longer disabled since April 1, 2015.  (*Id.*)  Juszkowski requested a hearing and appeared in person on November 3, 2017 in Ft. Gratiot, Michigan before Administrative Law Judge Lauren G. Burstein ("the ALJ").  In a decision dated May 25, 2018, the ALJ found that Juszkowski is no longer disabled.  (Tr. 26-37).  Juszkowski requested a review of this decision, and, on October 26, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied his request for review.  (Tr. 1-3); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that the court **DENY** plaintiff's motion for summary judgment, **GRANT** defendant's motion for summary judgment, and **AFFIRM** the findings of the Commissioner.

## II.    FACTUAL BACKGROUND

Juszkowski was born on September 24, 1966.  (Tr. 80).  On October 31, 2009, he was in a car accident that resulted in injuries to his hip, leg, and back.

---

[1] The Administrative Record appears on the docket at entry number 11.  All references to this record are identified as "Tr."

(*Id.*)  He filed for disability on May 18, 2010, and, in a decision dated August 9, 2010, the Commissioner determined at the initial level that Juszkowski met or equaled Listing 1.06 (fractures of the lower extremities).  (Tr. 80, 83-84).  This determination is known as Juszkowski's comparison point decision or "CPD."  (Tr. 28).

Five years later, the Administration evaluated whether Juszkowski remained disabled.  On April 23, 2015, it determined at the initial level that Juszkowski was no longer disabled as of April 2015 and that his benefits would end on June 30, 2015.  (Tr. 86, 88-90).  Juszkowski requested reconsideration of this determination, and, on November 15, 2016, a state agency disability hearing officer upheld this decision.  (Tr. 109).  Thereafter, Juszkowski requested and received a hearing with an ALJ.

The ALJ applied the eight-step disability analysis required in cessation of benefits cases to Juszkowski's claims and found at step 1 that he did not engage in any substantial gainful activity through the date of her decision (May 25, 2018).  (Tr. 28).  At step 2, the ALJ found that, since April 1, 2015, Juszkowski has had the following severe impairments: status-post femur fracture, hip osteoarthritis, degenerative disc disease of the lumbar spine, carpal tunnel syndrome, and obesity, but that these conditions did not meet or medically equal one of the listings in the regulations (specifically, Listings 1.02, 1.04, and 1.06).  (Tr. 28-29).  At steps 3

and 4, the ALJ determined that, by April 1, 2015, the medical severity of the impairment present at the time of Juszkowski's CPD had decreased (step 3) and that his medical improvement was related to his ability to work (step 4). (Tr. 29-30). Because Juszkowski's impairments were related to his work abilities, the ALJ did not assess step 5, as mandated by the regulations. (Tr. 27). At step 6, the ALJ found that Juszkowski's impairments significantly limit his ability to perform basic work activities. (Tr. 30). At step 7, the ALJ determined that Juszkowski has the residual functional capacity ("RFC") to perform light work and can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; can occasionally balance and stoop, but never kneel, crouch, or crawl; can frequently handle and finger; and requires a sit/stand option that allows him to be in each position for no more than 30-60 minutes. (Tr. 30). At step 8, the ALJ determined that there were a significant number of jobs in the national economy that Juszkowski could perform and, thus, his disability ended on April 1, 2015; she also found that Juszkowski had not become disabled again after April 1, 2015. (Tr. 35-36).

## III. DISCUSSION

### A. <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If a claimant does not obtain relief during the administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*

5

*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) ("[An] ALJ is not required to accept a

claimant's subjective complaints and may . . . consider the credibility of a claimant

when making a determination of disability."); *Walters*, 127 F.3d at 531

("Discounting credibility to a certain degree is appropriate where an ALJ finds

contradictions among medical reports, claimant's testimony, and other evidence.").

"However, the ALJ is not free to make credibility determinations based solely

upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*,

486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, *4).

   If supported by substantial evidence, the Commissioner's findings of fact are

conclusive.  42 U.S.C. § 405(g).  Therefore, this court may not reverse the

Commissioner's decision merely because it disagrees or because "there exists in

the record substantial evidence to support a different conclusion." *McClanahan v.

Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486

F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may

proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citing *Mullen*, 800 F.2d at 545).

The court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including evidence that might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.   Governing Law

Where, as here, a recipient of disability benefits challenges the cessation of benefits, the central issue is whether the recipient's medical impairments have improved to the point where he is able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1); *Kennedy v. Astrue*, 247 Fed. Appx. 761, 764 (6th Cir. 2007).

Whether an individual is entitled to continued benefits depends on whether "there has been any medical improvement in [the individual's] impairment(s) and, if so, whether this medical improvement is related to [the individual's] ability to work."  20 C.F.R. §§ 404.1594(b), 416.994(b).

The cessation evaluation process is a two-part process.  *See Kennedy,* 247 Fed. Appx. 764-65.  The first part of the process focuses on medical improvement. *Id.* at 764.  The implementing regulations define "medical improvement" as "any decrease in the medical severity of [the individual's] impairment(s) which was present at the time of the most recent favorable medical decision that [the individual was] disabled or continued to be disabled."  *Id.* at 764-65 (citing 20 C.F.R. § 404.1594(b)(1)).  "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the individual's] impairment(s) . . . ." 20 C.F.R. §§ 404.1594(b)(1)(i), 416.994(b)(l)(i).  If there has been a decrease in the severity of the impairments since the favorable decision, the medical improvement is related to the individual's ability to work only if there has been a corresponding 'increase in [the claimant's] functional capacity to do basic work activities . . . .'"  *Kennedy*, 247 Fed. Appx. at 765 (quoting 20 C.F.R. § 404.1594(b)(3)); *see also Nierzwick v. Comm'r of Soc. Sec.*, 7 Fed. Appx. 358, 361 (6th Cir.2001).

The second part of the cessation analysis focuses on whether the individual can engage in substantial gainful activity. *Kennedy,* 247 Fed. Appx. at 765. The implementing regulations for this part of the evaluation incorporate many of the standards set forth in the regulations that govern initial disability determinations. *Id.* (citing 20 C.F.R. § 404.1594(b)(5) and (f)(7)). The difference is that "the ultimate burden of proof lies with the Commissioner in termination proceedings." *Id.* (citing 20 C.F.R. § 404.1594(b)(5) and (f)(7); *Griego v. Sullivan,* 940 F.2d 942, 944 (5th Cir.1991)). An increase in the claimant's functional capacity will lead to a cessation of benefits only if, as a result, the claimant can perform his past work or other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1594(f)(7), (8), 416.994(f)(7), (8).

In deciding whether a recipient's entitlement to disability benefits has ended, the Commissioner uses the eight-step sequential evaluation process outlined in 20 C.F.R. §§ 404.1594(f)(l)-(8) and 416.994(f)(l)-(8). *Kennedy*, 247 Fed. Appx. at 764. The steps are:

> (1) Are you engaging in substantial gainful activity? If you are . . . we will find disability to have ended . . . .
>
> (2) If you are not, do you have an impairment or combination of impairments which meets or equals the severity of an impairment listed in appendix 1 of this subpart? If you do, your disability will be found to continue.
>
> (3) If you do not, has there been medical improvement as defined in paragraph (b)(1) of this section? . . .

9

(4) If there has been medical improvement, we must determine whether it is related to your ability to do work in accordance with paragraphs (b)(1) through (4) of this section . . . .

(5) If we found at step (3) that there has been no medical improvement or if we found at step (4) that the medical improvement is not related to your ability to work, we consider whether any of the exceptions in paragraphs (d) and (e) of this section apply . . . .

(6) If medical improvement is shown to be related to your ability to do work or if one of the first group of exceptions to medical improvement applies, we will determine whether all your current impairments in combination are severe . . . .

(7) If your impairment(s) is severe, we will assess your current ability to do substantial gainful activity in accordance with § 404.1560.  That is, we will assess your residual functional capacity based on all your current impairments and consider whether you can still do work you have done in the past.  If you can do such work, disability will be found to have ended.

(8) If you are not able to do work you have done in the past, we will consider whether you can do other work given the residual functional capacity assessment . . . .  If you can, we will find that your disability has ended.  If you cannot, we will find that your disability continues.

20 C.F.R. §§ 404.1594(f), 416.994(f).

There is no presumption of continuing disability.  *Kennedy*, 247 Fed. Appx. at 764 (citing *Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284, 286–287 n. 1 (6th Cir. 1994)).  Instead, the Commissioner applies the above procedures to determine whether the claimant's disability has ended and if he is now able to work.  *Id.*  If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.

C.    Due Process

Juszkowski was unrepresented at the hearing.  (ECF No. 15, PageID.465). He argues that the ALJ violated his due process rights by failing to properly advise him of his right to counsel under the Hearings, Appeals, and Litigation Law Manual ("HALLEX").[2]  (*Id.*)  Due process under the Fifth Amendment "requires that a social security hearing be 'full and fair.'"  *Young v. Comm'r of Soc. Sec.*, 2017 U.S. Dist. LEXIS 216564, at \*14 (E.D. Mich. Nov. 30, 2017) (citing *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir.1996)).  "Remand for further proceedings is appropriate in cases in which the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the application and regulations."  *Id.* at \*14-15 (citing *Manago v. Barnhart*, 321 F. Supp. 2d 559, 568 (E.D.N.Y. 2004); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 414 (6th Cir. 2011)).  As explained

---

[2] Juszkowski also alleges that the ALJ violated his due process rights under POMS. (ECF No. 15, PageID.465).  POMS is the Administration's Program Operations Manual System. However, Juszkowski makes no other reference to POMS in his brief; indeed, he does not specify to what portion of POMS he refers  "[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."  *Id.*

below, the undersigned recommends that remand is not appropriate here because the ALJ conducted a full and fair hearing.

In arguing that the ALJ violated his due process rights, Juszkowski makes a series of arguments relating to: (1) alleged deficiencies in the notice of hearing; (2) the ALJ's conduct and statements; (3) Juszkowski's waiver of the right to representation; and (4) the ALJ's development of the record. Each is addressed in turn.

>    1.    Notice of Hearing

>         a.    Overview of the Parties Arguments

As a preliminary matter, Juszkowski argues that the notice of hearing was deficient because it did not discuss in detail all the issues that would be covered in the hearing before the ALJ. (ECF No. 15, PageID.465-466). Specifically, he contends that "[t]here are many issues in this case, such as whether the plaintiff meets any of the Listings; how his pain, symptoms and medications affect his ability to work; how his physical and mental limitations affect his ability to work; his Date Last Insured (DLI), and his rights to have filed for Supplemental Security Income (SSI) because he would be eligible after [sic] for it if he was not found disabled again prior to his DLI." (*Id.* at PageID.465). In response, the Commissioner contends that Juszkowski cites no authority for the proposition that the notice of hearing requires a specific level of detail. (*Id.* at PageID.482). And,

during the hearing itself, Juszkowski expressed no confusion as to the issues to be addressed. (*Id.* (citing Tr. 47-48)). The Commissioner also points out that the notice of hearing focused on whether Juszkowski had experienced medical improvement, an issue with which he should have been familiar, as it was discussed in detail in the disability hearing officer's decision. (*Id.* (citing Tr. 130-131, 105-109)).

> b. Analysis

The undersigned finds that the notice of hearing was not deficient. The Administration's regulations provide that the notice of hearing will inform the claimant of "the specific issues to be decided in your case." 20 C.F.R. § 404.938(b)(1). In this case, the notice of hearing informed Juszkowski that the two issues to be addressed at the hearing were (a) whether there has been any medical improvement relating to his ability to work since he was last found disabled; and (b) whether one of the exceptions to medical improvement stated in the Act or the Administration's regulations applies. (Tr. 130). The answers to these questions would determine whether Juszkowski was no longer disabled—the key issue in this case. Indeed, under the section entitled "Issues," the ALJ expressly wrote that the sole issue before her was whether Juszkowski's disability had ended under section 223(f) of the Act. (Tr. 26). Of the issues that Juszkowski claims that the ALJ failed to address, only one is unrelated to the key issue of this

13

case: whether he qualified for SSI benefits.  The issue of SSI benefits is irrelevant to this case because the claim under review is solely for DIB; thus, this claim was not before the ALJ.  And, as pointed out by the Commissioner, Juszkowski has not presented evidence suggesting that he subsequently applied for SSI benefits.  *See also infra* at 19.  Thus, despite Juszkowski's contentions to the contrary, the notice of hearing alerted Juszkowski to the key issue in this case.

### 2.   The ALJ's Conduct and Statements

#### a.   Overview of the Parties' Arguments

Juszkowski next asserts a series of arguments alleging misconduct and misstatements on the part of the ALJ.  First, he states that there were "numerous times when the plaintiff was trying to explain something, [but] he was inadvertently stopped by the ALJ."  (ECF No. 15, PageID.466).  He asserts that his inability "to complete his thoughts and testimony" "may or may not" have been detrimental to the ALJ's decision.  (*Id.* at PageID.466, citing Tr. 128-146).  Second, he alleges that he was denied his due process right of "examining all the evidence and documents" because he did not receive a CD of the evidence prior to the hearing.  (*Id.* at PageID.471, citing HALLEX I-2-1-35 A, B.1; I-2-1-20; I-2-1-15).  Third, he alleges that he was not advised about his date last insured and that, had he been so advised, he could have additionally filed for SSI.  (*Id.* at PageID.473).  Last, Juszkowski argues that the ALJ's explanation of the role of the

vocational expert ("VE") was misleading.  (*Id.* at PageID.470).  According to

Juszkowski, at issue is the ALJ's statement that "[t]hese aren't necessarily the

extent of all your limitations, nor are they jobs that I think you can do, rather the

ultimate goal is based on all of the evidence in the record, Ms. Regan [the VE] will

determine what's the most you can do despite your impairments, and whether or

not there's work that somebody could do with those limitations."  (*Id.* (quoting Tr.

47)).  Juszkowski argues that this is misleading because it is the ALJ's duty, not

the VE's, to determine what is the most that a plaintiff can do despite the plaintiff's

impairments and whether there is work available in the national economy that an

individual with those limitations can perform.  (*Id.* at PageID.470-471).  He

concludes that "this is a very misleading statement that would not have been made

to an attorney if they were sitting next to the plaintiff."  (*Id.* at PageID.471).

In response to Juszkowski's first argument, the Commissioner points out

that he fails to cite any specific instance in which the ALJ allegedly stopped his

testimony.  (*Id.* at PageID.486).  Quoting *Deguise v. Comm'r of Soc. Sec.*, 2013

WL 1189967, at *7 (E.D. Mich. Feb. 19, 2013), adopted 2013 WL 1187291 (E.D.

Mich. Mar. 22, 2013), the Commissioner argues that a "'plaintiff cannot simply

make the claim that the ALJ erred . . . while leaving it to the Court to scour the

record to support this claim.'"  (*Id.*)  Turning to Juszkowski's second argument, the

Commissioner asserts that a violation of a HALLEX provision alone is not

sufficient to justify remand, as a plaintiff must also show that the violation caused

prejudice.  (*Id.* at PageID.483 (citing *Creech v. Comm'r of Soc. Sec.*, 581 Fed.

Appx. 519, 521 (6th Cir. 2014) ("[E]even district courts that have granted relief for

failure to comply with HALLEX have required that the plaintiff demonstrate

prejudice from the failures to follow the procedures.")).  The Commissioner

characterizes Juszkowski's argument as speculative and states that speculation by a

party is not enough to show prejudice.  (*Id.* (citing *Navistar Int'l Transp. v. Envtl.*

*Prot. Agency*, 941 F.2d 1339, 1360 (6th Cir. 1991) ("In other words, any alleged

prejudice on the part of the decisionmaker must be evident from the record and

cannot be based on speculation or inference.")).  Relying on *Lance v. Comm'r of*

*Soc. Sec.*, 1995 WL 723160, at *1 (6th Cir. Dec. 6, 1995); *Turner v. Comm'r of*

*Soc. Sec.*, 2018 WL 4610875, at *5 (E.D. Mich. Aug. 31, 2018), adopted by 2018

WL 4600284 (E.D. Mich. Sept. 25, 2018), the Commissioner argues that

Juszkowski must point to definitive, not possible, evidence that he would have

submitted if given the opportunity.  (*Id.* at PageID.483-484).  As to Juszkowski's

third argument, the Commissioner contends that Juszkowski failed to demonstrate

that his date last insured was relevant.  (*Id.* at PageID.484).  The only issue before

the ALJ was whether Juszkowski's disability continued after April 1, 2015.  (*Id.* at

PageID.484-485).  Indeed, Juszkowski did not apply for SSI when he originally

applied for benefits in 2010, nor did he produce any evidence that he currently

qualifies for such benefits now.  (*Id.* at PageID.485).  The Commissioner contends

that (a) Juszkowski fails to cite any authority that requires an ALJ to discuss an

application for SSI benefits in a DIB case and (b) the ALJ had no reasonable

expectation that he would be eligible for SSI benefits.  (*Id.* at PageID.485).  With

respect to Juszkowski's fourth argument, the Commissioner asserts that a

reasonable interpretation of the ALJ's statement is that she was informing

Juszkowski that she may ask questions of the VE that did not match his limitations.

(*Id.* at PageID.489 (citing Tr. 47)).  Citing *Smith v. Halter*, 307 F.3d 377, 378 (6th

Cir. 2001), the Commissioner argues that the ALJ can question the VE on a range

of limitations, so long as the ALJ ultimately relies on testimony that accurately

accounts for the plaintiff's limitations.  (*Id.* at PageID.489-490).  But, according to

the Commissioner, Juszkowski has failed to show that the jobs identified by the

VE were inconsistent with his limitations.  (*Id.* at PageID.490).  Moreover, to the

extent that Juszkowski argues that the ALJ erred in stating that the VE would

determine his RFC, the statement amounts to harmless error, as the ALJ, not the

VE, determined his RFC.  (*Id.* (citing Tr. 30, 74-75)).

> b.    Analysis

Juszkowski's arguments do not merit remand.  As to his first argument,

although Juszkowski alleges that the ALJ interrupted his testimony, he fails to

direct the court's attention to any instance in the record where this occurred.

Instead, Juszkowski cites to an 18-page span of the evidentiary record.  (ECF No. 15, PageID.466 (citing Tr. 128-146)).  Yet, he makes no attempt to tie any aspect of this cited excerpt to any alleged interruption of his testimony.  As the Commissioner points out, a "plaintiff cannot simply make the claim that the ALJ erred . . . while leaving it to the Court to scour the record to support this claim."  *Deguise v. Comm'r of Soc. Sec.*, 2013 WL 1189967, at *7 (E.D. Mich. Feb. 19, 2013), adopted 2013 WL 1187291 (E.D. Mich. Mar. 22, 2013).  Further, Juszkowski's own language is fatally indefinite.  Indeed, Juszkowski states that the ALJ's alleged interruptions "may or may not" have been detrimental to the ALJ's decision.  (ECF No. 15, at PageID.466).  In using such equivocal language, Juszkowski essentially concedes that this argument is speculative.  For these reasons, Juszkowski's first argument is unpersuasive.

As to Juszkowski's second argument, the Commissioner is correct: A violation of a HALLEX provision alone is not sufficient to justify remand because a plaintiff must also show that the violation caused prejudice.  *Creech v. Comm'r of Soc. Sec.*, 581 Fed. Appx. 519, 521 (6th Cir. 2014) ("[E]even district courts that have granted relief for failure to comply with HALLEX have required that the plaintiff demonstrate prejudice from the failures to follow the procedures.").  "[A]ny alleged prejudice on the part of the decisionmaker must be evident from the record and cannot be based on speculation or inference."  *Navistar Int'l Transp. v.*

18

*Envtl. Prot. Agency*, 941 F.2d 1339, 1360 (6th Cir. 1991). Juszkowski fails to show prejudice. Indeed, while Juszkowski asserts that the ALJ violated his right to review the CD prior to the hearing, Juszkowski fails to expound on how viewing the contents of the CD beforehand would have changed the outcome of the ALJ's decision. Instead, the court is left to guess in this regard. Thus, Juszkowski's second argument also fails.

Turning to Juszkowski's third argument, as explained above, the issue of SSI benefits is not relevant to this case and thus was not before the ALJ. And, as the Commissioner points out, Juszkowski provides no evidence that he ever has qualified or currently qualifies for such benefits. Thus, to the extent Juszkowski argues that he was prejudiced by the ALJ's failure to address whether he qualified for SSI benefits, the undersigned finds that such argument is irrelevant and, therefore, fails to show prejudice. *See Navistar Int'l Transp.*, 941 F.2d at 1360. For these reasons, Juszkowski's third argument is misguided.

Turning to Juszkowski's fourth argument—i.e., that the ALJ's explanation of the role of the VE was misleading—the undersigned acknowledges that the ALJ appears to have misspoken in describing the VE's role.[3] However, to the extent

---

[3] Indeed, HALLEX I-2-6-74(C), 1993 WL 751902 (June 16, 2016) provides that, when questioning the VE, the ALJ, "will not permit the VE to respond to questions on medical matters or to draw conclusions not within the VE's area of expertise. For example, the VE may not provide opinions regarding the *claimant's residual functional capacity* or the resolution of ultimate issues of fact or law." *Id.* (emphasis added). Thus, it was improper for the ALJ to imply that the VE would determine Juszkowski's RFC.

that the ALJ erred in her explanation, it was harmless because the record

indisputably reflects that the ALJ, not the VE, determined Juszkowski's RFC. (Tr.

30, 74-75). Although Juszkowski asserts that the ALJ's statement on the VE's role

was misleading, he fails to demonstrate how this statement prejudiced him. He

cites no authority for the proposition that such a statement, without more, causes

prejudice. Similarly, he fails to cite to any portion of the record that would

indicate that the ALJ applied the wrong legal standard when assessing the VE's

testimony. And, Juszkowski's argument that the ALJ's statement "would not have

been made to an attorney if they were sitting next to the plaintiff" amounts to no

more than Juszkowski's own conjecture. (ECF No. 15, PageID.471). He offers

neither factual nor legal support for his conclusion. Because this argument is

speculative, it fails to show prejudice. *See Navistar Int'l Transp.*, 941 F.2d at

1360. For these reasons, Juszkowski's fourth argument is also unavailing.

        3.     Waiver of Right to Representation

            a.     Overview of the Parties' Arguments

Citing HALLEX I-2-6-52(B), Juszkowski argues that his waiver of the right

to counsel was unknowing, as evidenced by the fact that he was unaware of his

right to examine the CD prior to the hearing.[4] (*Id.* at PageID.472). He also

---

[4] Juszkowski concedes that he waived the right to counsel: "The ALJ gave some information to the plaintiff about his right to representation and whether he understood his right to representation[,] in which he replied 'Yes, I do.' The ALJ then asked, 'how do you wish to

highlights that the ALJ failed to include a signed form in the administrative record indicating that he waived his right to representation, in violation of HALLEX I-2-1-80. (*Id.*)

In response, the Commissioner contends that Juszkowski failed to provide any evidence that his waiver of his right to representation should be rejected. (*Id.* at PageID.484 (citing Tr. 46)). The ALJ's failure to include the waiver-of-right-to-representation form in the administrative record is not persuasive, the Commissioner argues, because "'[i]f the ALJ is satisfied that the claimant can make an informed decision, the ALJ must secure from the claimant a verbal waiver on-the-record or a written waiver, which will be marked as an exhibit.'" (*Id.* (quoting HALLEX 1-2-180(B), 2018 WL 6528001, at \*3)).[5]

    b.  Analysis

Under the Administration's regulations, a claimant has a right to counsel or another representative in the proceedings before the ALJ. *See* C.F.R. §§ 404.1700, .1703, .1705. A claimant also has a right to proceed without a representative. *Finkbeiner v. Comm'r of Soc. Sec.*, 2015 WL 668058 (E.D. Mich. Feb. 17, 2015), amended on other grounds by, 2015 WL 13722901 (E.D. Mich. Feb. 26, 2015).

---

proceed?' The plaintiff responded, 'I want to proceed without representation.'" (ECF No. 15, PageID.469 (quoting Tr. 45-46)).

 [5] The Commissioner notes that, at the time of the ALJ's decision, the relevant instructions were in HALLEX I-2-6-52.

HALLEX makes clear that the Administration "neither encourages nor discourages representation."  HALLEX I-2-1-80, 2018 WL 6528001, at *1.  Pursuant to 42 U.S.C. § 406(c),

> The Commissioner of Social Security shall notify each claimant in writing, together with the notice to such claimant of an adverse determination, of the options for obtaining attorneys to represent individuals in presenting their cases before the Commissioner of Social Security. Such notification shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge.

In April 2015, when the Administration informed Juszkowski, in writing, that he was no longer disabled, he was also advised of his right to appeal this determination and to have "help" with this appeal from a "friend, lawyer, or someone else."  (Tr. 88-90).  Thereafter, Juszkowski requested, in writing, a hearing before an ALJ, and this request form included a section where he could provide his representative's contact information.  (Tr. 117).  Thus, the form itself reminded Juszkowski of his right to counsel.  Moreover, prior to the hearing, the Administration mailed a notice of hearing to Juszkowski that enclosed a publication entitled "Your Right to Representation;" this publication was a two-page, plain English description of Juszkowski's right to have a representative appear alongside him at the hearing.  (Tr. 128-132, 134-135).  On August 22, 2017, Juszkowski signed and dated an acknowledgement indicating that he received this

publication.  (Tr. 147).  And, during the November 3, 2017 hearing, the ALJ

explained that Juszkowski has a right to representation.  Specifically, she stated:

> [S]ince you're not represented, I'm required to explain to
> you that you have the right to be represented by an
> attorney or non-attorney.  This person may help you
> obtain and submit records, explain medical terms, make
> requests, protect your rights, and present evidence in a
> light most favorable to your case.  A representative may
> not charge or receive a fee unless you approve it, and a
> representative normally does not get paid unless you are
> awarded benefits . . . . And[,] of course, you have the
> right to proceed today without a representative if you so
> choose.  Do you understand your right to representation?

(Tr. 45-46).  Juszkowski responded that he understood this right and that he wanted

to proceed without representation.  (Tr. 46).  Thus, the Administration made

Juszkowski aware of his right to counsel no fewer than four times before the ALJ

rendered her decision.  This included an in-person explanation of this right, where

the ALJ gave Juszkowski an opportunity to ask any questions that he may have.

The absence of the signed waiver-of-right form in the administrative record

is of no moment.  First, under HALLEX I-2-1-80(B)(1), 2018 WL 6528001, at *3

(Nov. 20, 2018), "[i]f the ALJ is satisfied that the claimant can make an informed

decision, the ALJ must secure from the claimant a *verbal waiver on-the-record* or

a written waiver, which will be marked as an exhibit."  *Id.* (emphasis added).  As

discussed above, the ALJ did, in fact, inform Juszkowski on the record of his right

to obtain counsel, and he responded that he wished to proceed without an attorney.

And, even if the ALJ was required to include a waiver-of-right form as part of the administrative record, Juszkowski fails to demonstrate how this omission shows actual prejudice. *See Creech v. Comm'r of Soc. Sec.*, 581 Fed Appx. 519, 521 (6th Cir. 2014) ("[E]ven district courts that have granted relief for failure to comply with HALLEX have required that the plaintiff demonstrate prejudice from the failures to follow the procedures."). Thus, the undersigned finds that Juszkowski understood his right to counsel and knowingly waived this right.

            4.      Development of the Record

                a.      Overview of the Parties Arguments

Relying on *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048 (6th Cir. 1983), Juszkowski argues that the ALJ asked neither probing questions nor fully developed the evidentiary record, thereby failing to "satisfy her duty" in the instant case. (ECF No. 15, PageID.468). In support of this claim, Juszkowski emphasizes that the hearing lasted 37 minutes. (*Id.*) He also points to the fact that the ALJ declined to obtain documentation pertaining to his no-fault insurance claim with State Farm, arguing that "[t]here could possibly be independent medical examinations [in that documentation] that could support plaintiff's case, since State Farm was still paying for medical [bills] on behalf of the plaintiff." (*Id.* at PageID.471-472).

In response, the Commissioner states that "'the key inquiry is whether the administrative law judge fully and fairly developed the record through a conscientious probing of all relevant facts.'" (*Id.* at PageID.481-482 (quoting *Rowden v. Chater*, 1996 WL 294464, at *1 (6th Cir. June 3, 1996)). And, "'[s]imply appearing unrepresented at the hearing is not sufficient to constitute a special circumstance requiring a heightened duty to develop the record.'" (*Id.* at PageID.482 (quoting *Depweg v. Comm'r of Soc. Sec.*, 2015 WL 5014361, at *8 (E.D. Mich. Aug. 24, 2015)).

With these principles in mind, the Commissioner argues that there is "'no bright-line rule requiring ALJs to conduct hearings of certain lengths.'" (*Id.* at PageID.488 (quoting *Forrest v. Comm'r of Soc. Sec.*, 591 Fed. Appx. 359, 363 (6th Cir. 2014)). Next, the Commissioner characterizes Juszkowski's argument pertaining to State Farm as speculative, stating that (a) Juszkowski surmises that his claim with State Farm resulted in an independent medical examination and (b) no such documentation is found anywhere in the record. (*Id.* at PageID.483). The Commissioner reiterates that speculation alone is insufficient to show the prejudice required for remand. (*Id.* (citing *Navistar Int'l Transp. Corp.*, 941 F.2d at 1360)). As to *Lashley*, the Commissioner asserts that Juszkowski has failed to show that his "'grasp of the proceedings was so insufficient so as to require the ALJ to further develop the record.'" (*Id.* at PageID.487 (quoting *Ferland v. Comm'r of*

25

*Soc. Sec.*, 2018 WL 4102852, at *9 (E.D. Mich. July 31, 2018), report and

recommendation adopted, 2018 WL 4095075 (E.D. Mich. Aug. 28, 2018)).

Indeed, Juszkowski came to the hearing with some familiarity with the hearing

process and issues, as his case had already been heard by a disability hearing

officer.  (*Id.* (citing Tr. 103)).  And, the Commissioner argues that the Sixth Circuit

has distinguished *Lashley* where a claimant did not have an "impaired mental

ability" and argues that this distinction is applicable here, as Juszkowski did not

have a mental impairment.  (*Id.* at PageID.488 (citing *Born v. Sec'y of Health and*

*Human Servs.*, 923 F.2d 1168, 1172 (6th Cir. 1990)).  Last, the Commissioner

contends that the ALJ's questioning of Juszkowski was not deficient because she

asked him questions on "a wide range of relevant topics," including his current

treatment, his daily activities (including whether a medical report indicating that he

frequently went hunting was accurate), his past relevant work, why he could not

work, his functional limitations, and his sleep patterns.  (*Id.* (citing Tr. 52-72)).

    b.    Analysis

    Juszkowski's State Farm argument is speculative.  By contending that

"[t]here *could possibly* be independent medical examinations [in that

documentation] that *could* support [his] case," Juszkowski concedes that he does

not know whether the State Farm records even contain an independent medical

examination.  (ECF No. 15, PageID.471-472) (emphasis added)).  Again, "any

alleged prejudice on the part of the decisionmaker must be evident from the record and cannot be based on speculation or inference." *Navistar Int'l Transp.*, 941 F.2d at 1360. This reason alone would make Juszkowski's argument unpersuasive. But, Juszkowski's argument is further belied by the fact that the ALJ had no heightened duty to develop the record under the circumstances presented, as explained below:

"While the absence of counsel might cause us to scrutinize the record with care, it alone is not a grounds for reversal or remand." *Holden v. Califano*, 641 F.2d 405, 408 (6th Cir. 1981) (social security retirement benefits case). As the Commissioner points out, "the key inquiry is whether the administrative law judge fully and fairly developed the record through a conscientious probing of all relevant facts." *Rowden v. Chater*, 1996 WL 294464, at *1 (6th Cir. June 3, 1996). Specifically, the ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000). The ALJ is obligated "to fully develop the record," *Wright–Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 397 (6th Cir. 2010), and bears "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing," *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)); *see Longnecker v. Comm'r of Soc. Sec.*, 2016 WL 3912859, at *6 (E.D. Mich. May 25, 2016), report and

27

recommendation adopted, 2016 WL 3903192 (E.D. Mich. July 19, 2016)

(O'Meara, J.). An ALJ is required to "develop [a claimant's] complete medical

history" and to "make every reasonable effort to help [the claimant] get medical

reports from [the claimant's] medical sources." 20 C.F.R. § 404.1512(d); *see*

*Sutton v. Comm'r of Soc. Sec.*, 2013 WL 1122877, at \*2 (E.D. Mich. Mar. 18,

2013) (Cleland, J.). That obligation is heightened when a claimant is

unrepresented. "When a disability claimant is not represented by counsel at the

administrative hearing, the ALJ has a special duty to ensure that a full and fair

administrative record is developed." *Duncan v. Sec'y of Health and Human Servs.*,

801 F.2d 847, 856 (6th Cir. 1986) (citing *Lashley*, 708 F.2d at 1051); *see also*

*Osburn v. Apfel*, 182 F.3d 918, at \*7 (6th Cir. July 9, 1999) ("[T]he administrative

law judge is under a special duty to develop the record when the claimant appears

without counsel."). In order to fulfill this duty, an ALJ "must scrupulously and

conscientiously probe into, inquire of, and explore for all the relevant facts" and

"be especially diligent in ensuring that favorable as well as unfavorable facts and

circumstances are elicited." *Lashley*, 708 F.2d at 1052. This is especially true in

situations where, in contrast to here, the unrepresented claimant suffers from a

mental impairment. *Longnecker*, 2016 WL 3912859, at \*6 (citing *Morlando v.*

*Astrue*, 2011 WL 4396785, at \*4 (D. Conn. Sept. 20, 2011) ("In addition to the

special solicitude required for *pro se* claimants, the Second Circuit has also

emphasized the extra care necessary when adjudicating the claims of a litigant whose mental capacity is in question.").

Courts determine whether this duty is satisfied on a case-by-case basis. *Osburn*, 182 F.3d 918, at *7. "Failure by an ALJ to fully develop the factual record in a particular matter is often evidenced by superficial or perfunctory questioning, as well as a failure to obtain all available medical records and documentation." *Vaca v. Comm'r of Soc. Sec.*, 2010 WL 821656, at * 6 (W.D. Mich. Mar. 4, 2010). Indeed, courts have explicitly stated: "An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Figard v. Comm'r of Soc. Sec.*, 2010 WL 3891211, at *7 (W.D. Mich. July 1, 2010) (quoting *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996)); *see also Longnecker*, 2016 WL 3912859, at *7.

Juszkowski appeared *pro se* at the hearing before the ALJ. Thus, the ALJ had a special duty to develop the record. Applying the *Lashley* factors, Juszkowski was without counsel at the hearing (factor 1). However, he was neither incapable of presenting an effective case (factor 2), nor was he unfamiliar with hearing procedures (factor 3). Indeed, with respect to factor 2, Juszkowski appears to have understood the ALJ's questions, responding appropriately. (*See, e.g.*, Tr. 52). He even said at the hearing that the ALJ should not rely on the consultative examinations, because they were conducted by chiropractors who did not order any

x-rays.  (Tr. 52, 54-55); *see also Depweg*, 2015 WL 5014361, at * 7 ("From the transcript, it appears that Plaintiff understood the ALJ's questioning and responded appropriately to the questions.  In addition, he was able to supplement the record with new medical evidence of his clavicle fracture, indicating that he had some familiarity with the procedures.").  Juszkowski also came to the hearing with some familiarity with the hearing process and issues because he had been granted disability benefits in 2010 and his case had already been heard by a disability hearing officer.  (Tr. 102-109); *see also Depweg*, 2015 WL 5014361, at *7 (finding that the ALJ did not fail to perform his special duty to prepare the record and ensure a fair hearing because, among other things, plaintiff had been through the hearing process at least once before).  For these reasons, the ALJ had a special duty to develop the record, but she need not have exercised "extra care" in carrying out this duty, as Juszkowski did not suffer from a severe mental impairment and appeared capable of presenting an effective case.  *See Morlando*, 2011 WL 4396785, at *4; *see also Nabours v. Comm'r of Soc. Sec.*, 50 Fed. Appx. 272, 275 (6th Cir.2002) (holding that an ALJ has a "special, heightened duty to develop the record" in special circumstances, such as when the claimant is without counsel, "is not capable of presenting an effective case, and is unfamiliar with hearing procedures").

The fact that the hearing was 37 minutes is neither dispositive nor particularly troublesome here.  (*See* ECF No. 15, PageID.468).  As the Commissioner points out, there is "no bright-line rule requiring ALJs to conduct hearings of certain lengths."  *Forrest v. Comm'r of Soc. Sec.*, 591 Fed. Appx. 359, 363 (6th Cir. 2014) (finding that a 15-minute hearing was sufficient "because the record included thorough documentation of Forrest's surgeries and treatment for hip pain, and the ALJ needed little time to inquire into his negligible work experience") (citing *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986) (holding that the ALJ adequately developed the record during a "relatively short hearing").  *But see Lashley*, 708 F.2d at 1052 (finding that a hearing that lasted 25 minutes was insufficient where, among other things, the claimant "possessed limited intelligence, was inarticulate, and appeared to be easily confused").

The undersigned finds that the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts."  *Rowden v. Chater*, 1996 WL 294464, at *1 (6th Cir. June 3, 1996)).  As the Commissioner points out, the ALJ asked Juszkowski questions on a wide range of relevant topics.  Specifically, she asked: (1) whether the relevant medical records were before her (she also asked for clarification on a certain medical report that stated Juszkowski went hunting a few times per month); (2) whether he lives in a single- or multi- story home, with

31

whom he lives, and whether he has any pets (and, when he responded in the affirmative, what he does to take care of these pets); (3) what employment positions both he and his wife have held, including the level of physical labor involved in his previous positions; (4) what Juszkowski believes keeps him from working; (5) for how long Juszkowski can sit, stand, and walk; how much he can lift/carry; and whether he can independently dress, bathe, go grocery shopping, perform household chores, and do yard work; (6) what his sleep patterns are, including whether he takes naps during the day; and (7) what his current medication/treatment plan is (including whether he has been prescribed pain medication) and the side effects from the medications. (Tr. 52-72). Consequently, the undersigned finds that this depth of questioning was sufficient to allow her to "fully and fairly" develop the record within the 37 minutes of the hearing.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the court **DENY** plaintiff's motion for summary judgment, **GRANT** defendant's motion for summary judgment, and **AFFIRM** the findings of the Commissioner.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 30, 2019                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge