# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Michael Anthony Juszkowski,

              Plaintiff,

v.

Social Security Commissioner,

              Defendant.

_____/

Case No. 18-14023

Judith E. Levy
United States District Judge

Mag. Judge Stephanie Dawkins Davis

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [17], OVERRULING PLAINTIFF'S OBJECTIONS [18], GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT [16], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY <u>JUDGMENT [15]</u>**

Before the Court is Magistrate Judge Stephanie Dawkins Davis's Report and Recommendation ("R&R") (ECF No. 17) recommending that the Court grant Defendant Commissioner of Social Security (the "Government")'s motion for summary judgment (ECF No. 16), deny Plaintiff Michael Juszkowski's motion for summary judgment (ECF No. 15), and affirm the Administrative Law Judge's ("ALJ") decision. Plaintiff submitted four objections to the R&R, (ECF No. 18), and the Government

responded. (ECF No. 19.) For the reasons set forth below, Plaintiff's objections are overruled, and the R&R is adopted in full.

## I. Background

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The factual and procedural background from the R&R are incorporated as if fully set forth herein.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (internal citations omitted). Objections that restate arguments already presented to a magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing

*Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute merely the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Supreme Court recently addressed the standard the district court must apply when conducting its de novo review. In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id*. (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id*. (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id*. (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (internal citations omitted).

### III. Analysis

Plaintiff lodges four objections to Magistrate Judge Davis's R&R:

1) Magistrate Judge Davis incorrectly applied the *Lashley* factors in determining that the ALJ satisfactorily developed the underlying record;
2) Magistrate Judge Davis incorrectly determined that Plaintiff was not prejudiced by the ALJ's refusal to allow him to review certain exhibits prior to the hearing;
3) Magistrate Judge Davis incorrectly determined that the ALJ fully developed the record; and
4) Magistrate Judge Davis incorrectly determined that SSI benefits were irrelevant to Plaintiff's disability benefits claim.

(ECF No. 18, PageID.525-530.) For the reasons below, all objections are OVERRULED.

**A. Objection 1**

In his first objection, Plaintiff argues that Magistrate Judge Davis misapplied two factors in her analysis of the *Lashley v. Sec'y of Health & Human Servs.* test. The Court finds that Magistrate Judge Davis did not misapply the test, the *Lashley* factors are satisfied, and this objection is overruled.

The *Lashley* test helps courts determine whether the ALJ in a social security case has "a special, heightened duty" to exercise extra care in developing the administrative record. *Wilson v. Commissioner of Social Sec.*, 280 Fed. Appx. 456, 459 (6th Cir. 2008). The Sixth Circuit has determined that the ALJ has this heightened duty when a claimant is: 1)

4

without counsel; 2) incapable of presenting an effective case; and 3) unfamiliar with hearing procedures. *Id.* (citing *Lashley v. Sec'y of Health & Humans Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983)). "Absent such special circumstances . . . [the Sixth Circuit] repeatedly affirms that the claimant bears the ultimate burden of proving disability." *Id.*

In this case, Magistrate Judge Davis found that, though Plaintiff appeared *pro se* at his ALJ hearing, "he was neither incapable of presenting an effective case (factor 2), nor was he unfamiliar with hearing procedures (factor 3)." (ECF No. 17, PageID.520.) As to the second factor, Magistrate Judge Davis found that Plaintiff appeared to understand and "respond[] appropriately" to the ALJ's questions, and "[h]e even said that the hearing that the ALJ should not rely on the consultative examinations, because they were conducted by chiropractors who did not order any x-rays." (*Id.* at PageID.520-521.) As to the third factor, Magistrate Judge Davis found that Plaintiff had "some familiarity with the hearing process and issues because he had been granted disability benefits in 2010 and his case had already been heard by a disability hearing officer." (*Id.* at PageID.521.) For these reasons, Magistrate Judge Davis found that the *Lashley* factors were not met and

5

that the ALJ was not required to "exercise[] extra care" in carrying out her duty to develop the record. (*Id.*)

Plaintiff argues that Magistrate Judge Davis misapplied the second *Lashley* factor by wrongfully relying on Plaintiff's pushback about the chiropractor in determining that Plaintiff was capable of presenting an effective case. (ECF No. 18, PageID.526.) Specifically, Plaintiff argues that Plaintiff's pushback had been factually inaccurate, and that this inaccuracy demonstrates Plaintiff's inability to present his case: "[A] chiropractor cannot be an M.D. in the state of Michigan[, and b]oth Consultative Examinations were performed by M.D.'s . . . [t]his distinction matters, because it shows that [Plaintiff] really does not have the familiarity the Magistrate Judge believes is an understanding of the hearing process." (*Id.* at PageID.526.)

Magistrate Judge Davis did not misapply this factor. *Lashley*'s second factor does not require that Plaintiff have mastery of the record; the requirement is that Plaintiff be "[]capable of presenting an effective case." *Wilson*, 280 Fed. Appx. at 459. Though Plaintiff mischaracterized the nature of the medical examiner's specialty, Plaintiff coherently argued that "[that examiner] didn't do any x-rays, didn't do nothing but

6

try and bend me around, so . . . [that] should not have any weight" on the ALJ's decision. (ECF No. 11-2, PageID.88-89.) Such an argument is effective regardless of the type of medicine the examiner practiced, because the crux of the argument is that the examiner did not conduct the kind or quality of examination that would warrant determinative weight. Plaintiff does not otherwise dispute Magistrate Judge Davis's finding that Plaintiff appeared to understand and respond to the ALJ's questions. On this record, Magistrate Judge Davis's determination as to *Lashley* factor 2 was not improper, and the Court finds that this aspect of the test is satisfied.[1]

As to the third *Lashley* factor, Plaintiff argues that it was improper for Magistrate Judge Davis to rely on Plaintiff's 2010 disability hearing to conclude that Plaintiff was familiar with hearing procedures. (ECF No. 18, PageID.526.) Specifically, Plaintiff notes that "[Plaintiff] never had a

---

[1] Though Plaintiff does not tie this argument to a specific *Lashley* factor, Plaintiff also argues that he "did not understand at the Reconsideration hearing that had he proven he was limited to a sedentary (sit-down) range of work, that he would have continued to be disabled under the Medical-Vocational guidelines." (ECF No. 18, PageID.526.) However, that Plaintiff did not know the precise threshold for benefits does not mean that Plaintiff was incapable of presenting an effective case. To the contrary, when asked about Plaintiff's ability to sit, Plaintiff nuanced the question: "Depends, what I, I've, 20 minutes, hour, couple, it depends. Sitting where it's not moving around or sitting as comfortably sitting? I'm not comfortable now." (ECF No. 11-2, PageID.99.) On this record, it was not improper for Magistrate Judge Davis to determine that Plaintiff was capable of presenting an effective case, and the Court finds that the test is satisfied.

7

hearing where he was awarded benefits . . . as the medical records showed at the time that he met [the legal requirements for benefits]." (*Id.*) However, as Magistrate Judge Davis acknowledged, Plaintiff did attend a Social Security hearing before a "disability hearing officer" on October 26, 2016. (ECF No. 11-4, PageID.138.) At this 2016 hearing, Plaintiff testified about his disabilities and why they prevented him from working, as well as about his typical daily activities and limitations. (*Id.* at PageID.139-140.)

The Court finds that Plaintiff's experience appearing *pro se* during a 2016 Social Security disability hearing satisfies *Lashley*'s protections for Plaintiffs unfamiliar with the process. Nothing about the *Lashley* standard specifically requires claimants to have appeared before an ALJ in particular; the due process concern is a broader "unfamiliar[ity] with [Social Security] hearing procedures." *Lashley*, 708 F.2d at 1051. Because Plaintiff appeared for a prior Social Security hearing with substantially similar procedures and on a substantially similar subject, substantial evidence supports the determination that Plaintiff was not unfamiliar with Social Security hearing procedures. *Biestek*, 139 S. Ct. at 1154.

Magistrate Judge Davis's determination as to *Lashley* factor 3 was not improper.

**B. Objection 2**

Plaintiff additionally objects that he "disagrees" with Magistrate Judge Davis's finding that there was no prejudice in failing to let Mr. Juskowski review the exhibit[s] on the CD's. (ECF No. 18, PageID.527.) However, Plaintiff merely repeats the arguments that he made in his prior summary judgment motion. (ECF No. 15, PageID.471-472.) This objection is improper and is therefore overruled. *Coleman-Bey*, 287 Fed. Appx. at 422 ("A district court does not abuse its discretion when it denies post-judgment relief to a party raising the same issues and arguments post-judgment as those [that have already been] rejected."); *Owusu v. Michigan Dept. of Corr. Pain Mgmt. Comm.*, No. 16-12490, 2019 WL 4627585, at *6 (E.D. Mich. Sep. 24, 2019) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.") (quoting *Pearson v. Comm'r of Soc. Sec.*, No. 15-14031, 2017 U.S. Dist. LEXIS 48379, at *7 (E.D. Mich. Mar. 31, 2017)).

**C. Objection 3**

Plaintiff additionally objects that he "disagrees" with Magistrate Judge Davis's finding "that the ALJ fully developed the record." (ECF No. 18, PageID.528.) However, this objection is also a restatement of Plaintiff's summary judgment argument that was considered and rejected. (ECF No. 15, PageID.468.) Therefore, this objection is improper and overruled. *Coleman-Bey*, 287 Fed. Appx. at 422; *Owusu*, 2019 WL 4627585, at *6.

**Objection 4**

Finally, Plaintiff objects to Magistrate Judge Davis's conclusion that SSI benefits were irrelevant to Plaintiff's disability benefits determination. (ECF No. 18, PageID.530.) However, this argument is, once again, a restatement of Plaintiff's summary judgment argument that was considered and rejected. (ECF No. 15, PageID.473-474.) This objection is improper and overruled.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's objections (ECF No. 18) are overruled. Accordingly, the Report and Recommendation (ECF No. 17) is **ADOPTED**, the Government's motion for summary judgment

(ECF No. 16) is **GRANTED**, and Plaintiff's motion for summary judgment (ECF No. 15) is **DENIED**.

IT IS SO ORDERED.

Dated: January 29, 2020      s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
                             United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, January 29, 2020, using the Electronic Court Filing system and/or first-class U.S. mail.

                             s/William Barkholz
                             Case Manager